IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JARED H. BACK,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-1413** |
| : | |
| **FRANCIS J. VANORE, III,** : | |
|     Defendant. : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                              **JULY 1, 2025**

Plaintiff Jared H. Back, a convicted prisoner currently incarcerated at SCI Waymart, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from an arrest for impaired driving. Currently before the Court are Back's Complaint ("Compl." (ECF No. 2)), his Motion for leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 3). Back asserts claims against Pennsylvania State Trooper Francis J. Vanore, III, in both his individual and official capacities.[1] (Compl. at 2.) For the following reasons, Back's Complaint will be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] As a Pennsylvania State Trooper, Vanore is an employee of the Pennsylvania State Police, an agency of the Commonwealth. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Back's claim seeking money damages against Vanore in his official capacity, accordingly, is barred and will be dismissed with prejudice.

I.   **FACTUAL ALLEGATIONS**[2]

Back alleges that the events giving rise to his claims occurred on the afternoon of March 18, 2023, in West Rockhill Township. (Compl. at 4.) Back and a friend were driving north on Route 309 when Defendant Vanore initiated a traffic stop. (*Id* at 5.) Vanore allegedly searched Back's car and administered field sobriety tests to both Back (who was driving) and his passenger. (*Id*.) Vanore told Back that he had failed the test and placed him under arrest. (*Id*.) He then allegedly asked Back if he would consent to a blood draw at a local hospital. (*Id*.) Back responded that he would rather not but also asked if he was required to consent. (*Id*.) Vanore allegedly told him that if he chose to refuse, he would suffer greater consequences and would be in more legal trouble. (*Id*. at 5-6.) He also allegedly told Back that he would be required to sign a form reflecting his consent. (*Id*. at 6.) Back consented and signed the form. (*Id*.)

Back contends that Vanore's statement as to the degree of consequence he would suffer if he did not consent to a blood draw constituted a violation of his Fourth Amendment right to be free from unreasonable search and seizure. (*Id*.) He avers that at his June 10, 2024 criminal trial, he learned that Vanore had not recorded the traffic stop, and that there was, therefore, no independent evidence of the violation. (*Id*.) In this regard, he states that his passenger, who witnessed the incident, could not be located to testify at trial. (*Id*.)

---

[2] The factual allegations set forth in this Memorandum are taken from Back's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Back's pleadings will be corrected for clarity. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

Back claims that as a result of Vanore's conduct, his consent to the blood draw was not valid, the blood draw was illegal, and the resulting conviction was unlawful. (*Id*.) Back further claims that as a consequence of the wrongful conviction for driving under the influence for the fourth time, he was sentenced to two and a half to five years confinement in a state prison. (*Id*. at 5.) He claims that he has experienced mental and emotional distress as a result. (*Id*.) He also claims that he has experienced financial loss, because he cannot work while he is in prison. (*Id*.) He seeks money damages. (*Id*.)

The publicly available docket in *Commonwealth v. Back*, CP-09-CR-4727-2023 (C.P. Bucks) reflects that Pennsylvania State Police Officer Francis J. Vanore, III, arrested Back on March 18, 2023, in West Rockhill Township. *Id*. On June 10, 2024, following trial, Back was found guilty on two counts of driving under the influence, for which he was sentenced to two to four years confinement. *Id*. He was also found guilty of having a blood alcohol level over .02, for which he was sentenced to an additional six to twelve months confinement. *Id*. He was also found guilty of possession of a controlled substance, possession of drug paraphernalia, disregarding a traffic lane, and turning without the required signal, for which he received no further penalty. *Id*. Back was sentenced on November 15, 2024. *Id*. He filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on February 27, 2025, and an Order was entered on that petition on March 19, 2025. *Id*. The docket does not reflect any further appellate activity. Back remains incarcerated and the status of his case is listed as "Sentenced/Penalty Imposed." *Id*.

**II.     STANDARD OF REVIEW**

The Court will grant Back leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Back is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Back asserts violations of his Fourth Amendment rights. (Compl. at 3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[3] Because Back is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court understands Back to assert that he would not have consented to a blood draw without Vanore's representations about the legal consequences of not doing so. He claims, therefore, that his blood was drawn without his consent, constituting an unreasonable search and seizure in violation of his Fourth Amendment rights.[4]

The claim, however, cannot proceed because it is barred by *Heck*, 512 U.S. 477. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

---

[4] The elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). "Blood draws are 'searches' under the Fourth Amendment." *Mitchell v. Wisconsin*, 588 U.S. 840, 864 (2019); *see also Anthony v. City of New York*, 339 F.3d 129, 142 (2d Cir. 2003) (recognizing that blood tests "constitute searches under the Fourth Amendment.") (citing *Schmerber v. California*, 384 U.S. 757, 767–68 (1966)).

his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The publicly available docket reflects that Back was found guilty following trial on charges of, *inter alia*, driving under the influence and having a blood alcohol level over .02. *See Commonwealth v. Back*, CP-09-CR-4727-2023 (C.P. Bucks). Though Back filed a PCRA petition, the docket reflects that his conviction remains extant. (*Id.*) Since success on Back's unreasonable search and seizure claim would necessarily imply the invalidity of his conviction, his claim is not cognizable. *See Jones v. Russel*, No. 19-6014, 2020 WL 2770170, at *2 (E.D. Pa. May 28, 2020) (dismissing upon statutory screening Fourth Amendment claim as *Heck*-barred, because the claim asserting a blood draw was illegal would necessarily imply the invalidity of the resulting DUI conviction). Back's claim will be dismissed without prejudice for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, Back's Complaint will be dismissed without prejudice pursuant to *Heck*, 512 U.S. 477. Back will not be permitted to amend at this time. Rather, he may file a new civil action to reassert his claims if his underlying convictions are ever reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

**BY THE COURT:**

  */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**
